IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL TRIBUNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00372-MJR |
| | ) |
| BRIAN CAVERS, | ) |
| LT. GRIFFEN, and | ) |
| TARA JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is incarcerated at Pinckneyville Correctional Center. He brings this action for alleged violations of his constitutional rights that occurred while he was imprisoned at Graham Correctional Center ("Graham") and Menard Correctional Center ("Menard").

This matter is now before the Court for a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Background

On April 9, 2014, Defendant Lieutenant Griffen interrogated Plaintiff as to the sexual activities of a female guard with relation to a number of inmates. During the interrogation, Griffen purportedly threatened Plaintiff. Plaintiff informed Griffen that he did not know anything about the female guard's sexual activities, but that he was going to file a grievance due to Griffen's "malicious" behavior.

The next day, April 10, 2014, Griffen summoned Plaintiff before the Adjustment Committee for a disciplinary hearing. The hearing was based on a disciplinary report prepared by Defendant Correctional Officer Tara Johnson that contained "fallacious allegations." During the hearing, Plaintiff did not receive a copy of the disciplinary report. Further, Griffen did not allow him to call witnesses on his behalf. To make matters worse, Griffen and Defendant Cavers offered unsubstantiated allegations that were not contained in the disciplinary report, and then proceed to interrogate Plaintiff based on these allegations.

At the close of the disciplinary hearing, Cavers found Plaintiff to be guilty of several disciplinary violations and sentenced Plaintiff to six months of segregation, as well as reduction of good time credits, commissary credits, and yard time. As a result of the Defendants' actions, Plaintiff suffered physical and emotional distress. He seeks injunctive relief, as well as compensatory and punitive damages. He also requests attorneys' fees.

**Discussion**

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254:

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted). *Muhammad* is based on two related decisions: *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" are not actionable under § 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. 520 U.S. at 646-68.

One aspect of Plaintiff's complaint is the allegedly unconstitutional punishment he received at the conclusion of his disciplinary hearing. This punishment included a reduction in Plaintiff's good time credits. A finding in favor of Plaintiff in this § 1983 action would "necessarily imply" that actions by prison officials affecting the duration of his confinement were invalid, and therefore would run afoul of *Heck* and its progeny. Thus his civil rights claim only ripens when such actions have been reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006). Therefore, Plaaintiff's § 1983 claim must be dismissed.

The dismissal shall be without prejudice, however, to Plaintiff raising his claim, should he wish to do so, if and when the actions imposing an extended duration of his confinement are overturned. Plaintiff may be able to pursue relief in a federal habeas corpus case, after presenting his claim to the Illinois state courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts, for example, have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

## Pending Motion

Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED** as **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that any and all claims against all Defendants are **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

> **s/ MICHAEL J. REAGAN**
> **Chief Judge**
> **United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).